JOHN R. EMERY, FREDERIC W. STEVENS, EDMUND B. LEAMING, EUGENE STEVENSON, LINDLEY M. GARRISON, JAMES E. HOWELL AND EDWIN R. WALKER, VICE-CHANCELLORS.

JOHN C. LAVAGGI, administrator,

*v.*

PIERINO BORELLA et al.

[Argued July, 1907.   Decided October 24th, 1907.]

Where a will confers upon a person the powers and imposes the duties of an executor, such person is executor according to the tenor although not named as such or named as trustee.

419

On bill for the construction of the following instrument admitted to probate as the will of Fortunata Borella, by the surrogate of Hudson county:

"I the undersigned Fortunata declare this will to leave to these heirs.

| | |
|---|---|
| to my son Pierino dollars two thousand........ | $2000.00 |
| to my daughter Maria I say one thousand....... | 1000.00 |
| to my daughter Carolina I say one thousand.... | 1000.00 |
| to my daughter Angiolina I say one thousand.... | 1000.00 |

"With the above legacies I leave them my only heirs of all the estate credits and real estate that they shall be my only heirs with the obligation to bear the maintenance of the new born son of my son Vincenzo.

"All shall be managed by the sole trustee John C. Lavaggi.

"This I declare to be my will and I approve the above.

"I leave to my daughter Louisa a nun $200.00.

"I say dollars two hundred.

"FORTUNATA BORELLA.

"BORELLA FORTUNATA.

"MARTINO LACASCHI witness 431 West.

"ANTONIO TASSANO,

"28th November 1905.

"JOHN C. LAVAGGI."

*Mr. George McEwan,* for the complainant.

*Mr. Max A. Sturm,* for the defendants.

MAGIE, CHANCELLOR.

The first question presented in this case is whether the complainant has a standing to require the relief sought for in his bill, viz.: A construction of the meaning of the will of Fortunata Borella, and instruction as to the performance of his duties. This depends upon whether he occupies, in relation to the property of the deceased, a position of trust. *Hoagland* v. *Cooper,* 65 *N. J. Eq.* (20 *Dick.*) 407.

Complainant's bill was first filed as if he were an executor appointed by the testatrix under that will. Upon it being ascertained by his counsel that when the will was admitted to probate the letters testamentary were issued to complainant by the surrogate, not as executor, but as administrator with the will annexed, the bill was amended and the relief is now sought in the character of administrator with the will annexed.

There are no words in the will that declare expressly that complainant was appointed executor. Such a declaration would clothe him with all the powers of an executor. But there may be a constructive appointment of a particular person to be executor in a will, although he is not named therein as such. Whenever the terms of the will clearly indicate that the person named is to perform the duties of an executor, such as to pay the debts, to pay legacies, or to distribute, then that person, though not named as executor, or even though named as trustee, may be deemed to have been constructively made executor, and letters will issue to him, in the language of the books, as "executor according to the tenor." *1 Wms. Ex. (2d Am. ed.) 196; Schoul. Ex. & Admr. 36, 37; In goods Baylis, L. R. 1 P. & D. 21; Drury v. Natick, 10 Allen 174; In goods Punchard, L. R. 2 P. & D. 369; In goods Wilkinson (1892), L. R. P. Div. 227; In goods Russell and Laird (1892), L. R. P. Div. 380.*

The declaration of the testatrix (after she had indicated a clear intention to give specific legacies to four persons shown to be her children, and then a disposition of the rest of her estate) that "All shall be managed by the sole trustee John C. Lavaggi," seems to me to compel an inference that the estate out of which these legacies are to be raised and from which the residuum is to be disposed of, is to be distributed and disposed of by Lavaggi, and if so, a further inference is necessary that any debts of the testatrix should be paid previous to distribution. Upon this inference, which I deem a fair one, Lavaggi is to pay the debts and legacies and distribute the residuum, and so to perform the duties of an executor. He is, therefore, an executor of the will "according to its tenor," and as the position of administrator with the will annexed is substantially that of an executor according to the tenor, it seems to me, that he has a right to invoke the aid of this court in the performance of his duties as executor or administrator.

The evidence put in under a rule for proofs discloses the following facts: The personal estate of a testatrix consisted of deposits in two savings banks, amounting in all to $1,770. Testatrix was also the owner of real estate, for which she had paid,

a short time before her death, the sum of $3,700. This condition of her estate must be presumed to have been in the mind of testatrix when she made this will. It must have been evident to her that the legacies bequeathed to her four children, added to the legacy to her daughter Louisa, largely exceeded the personal property of which she was possessed. This circumstance alone will not justify the conclusion that testatrix intended that the legacies bequeathed should be charged upon the real estate, although, without resort to the real estate, they could not be paid. But where, after legacies are given generally, the residue is given in one mass, the legacies are a charge upon the residuary real and personal estate. *Corwine* v. *Corwine, 24 N. J. Eq. (9 C. E. Gr.)* 579; *Johnson* v. *Poulson, 32 N. J. Eq. (5 Stew.)* 390; *Stevens* v. *Flower, 46 N. J. Eq. (1 Dick.)* 340; *Price* v. *Price, 52 N. J. Eq. (7 Dick.)* 326; *Turner* v. *Gibbs, 48 N. J. Eq. (3 Dick.)* 526.

While this singular will does not, in express terms, dispose of a "residue," yet in my judgment, the testatrix makes effective an equivalent disposition, when, after making four legacies, in all exceeding her personal estate, she "leaves" to the four legatees "all the estate, credits and real estate," with the plain intention that what was thus left was in addition to the legacies. It results that there is an implied intention to charge upon the real estate the legacies previously given.

It is next to be considered whether, as claimed by him, Lavaggi has power to make sale of the real estate left by testatrix. No express power of sale has been conferred on him by the terms of the will. Does its language indicate that such a power was intended to be conferred? If so, it must be discovered in the clause

"all [plainly intended to refer as well to the real estate previously given and the legacies which I have determined to be charged thereon, as to the personal estate], shall be managed by the sole trustee, John G. Lavaggi."

The settled doctrine of our courts is that when a testator, in the disposition of his estate, imposes on an executor duties

to be performed which require for their performance a power of sale, the executor will take, by implication, such power as will enable him to perform those duties. *Lindley* v. *O'Reilly, 50 N. J. Law (21 Vr.) 636; Lippincott* v. *Lippincott, 19 N. J. Eq. (4 C. E. Gr.) 121.* As Lavaggi is to pay legacies charged on real estate he is, by implication, empowered to turn the real estate into money, which he is to combine with the personal estate not exhausted by the payment of debts, &c., and thereout pay the legacies.

Complainant further seeks instruction with respect to his conduct in case the will is construed to give him authority to sell the real estate and pay the legacies and distribute the residuum.

This instruction, it seems to me, ought to be now given, because if erroneously given, it may be corrected by appeal before any distribution which would embarrass the parties interested.

The question thus presented is a most difficult one.

The will is inartificial in its construction, and the clause

"with the above legacies I leavé them my only heirs of all the real estate credits and real estate, that they shall be my only heirs with the obligation to bear the maintenance of the new born son of my son Vincenzo,"

presents a question of construction that is most embarrassing. It relates entirely to the legacies to the four children first named in the will. The subsequent clause, giving a legacy to the daughter Louisa is not affected thereby.

The first question is whether the legacies, as well as the residuum after the payment of the legacies, are charged with what the testatrix calls the "obligation to bear the maintenance of the new-born son of my son Vincenzo."

The proofs show that Vincenzo, testatrix's son, had previously died, and a posthumous son had been born of his wife. Was this obligation imposed upon the legacies, or only upon the residuum after payment of the legacies?

The result I have reached is that the word "with" is not to be taken in its ordinary signification. Testatrix had previously said she would "leave" the legacies. When she follows with

saying "with the above legacies I leave them," as heirs of her estate and real estate. I think that she indicated an intention to add to the legacies previously made to them, a devise and bequest of the residuum, and that it was that residuum with respect to which she declared those four children previously named were burdened with the obligation to maintain the son of Vincenzo.

Upon this construction of this perplexing clause, I think we can discover why the testatrix should have stated that Lavaggi was to be her "sole trustee." If the obligation to maintain Vincenzo's son is charged upon the residuum, it is obvious that a trustee would be convenient and perhaps necessary, and, although the result of this construction will be to leave a residuum which will not provide a sufficient maintenance for that son, yet it may well be inferred that such was the intention of the testatrix, from the fact that she did not leave to him a legacy, as she did to her living children, which clearly indicated an intent that he should not stand on an equality with them.

The clause in question does not limit the time during which there is a duty to maintain Vincenzo's son. The language used, in my judgment, prohibits the court from limiting that time. Therefore the residuum, whatever it may be, is to be used for his maintenance during the course of his life.

It would be premature to undertake to fix what the executor and trustee should appropriate for his maintenance from year to year.

The result is that a decree will be made for the construction of this will on the lines of the above opinion.